# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRYON K. CHAMP, #110025, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-00263-SMY |
| | ) |
| CHESTER MENTAL HEALTH, | ) |
| SHIRLEY FORCUM, | ) |
| BREE BARNETT and | ) |
| NAGESWARARAO VALLABHANENI, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Bryon Champ, a pretrial detainee at Winnebago – WCY, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations that occurred during his detention at Chester Mental Health ("Chester") in 2018. In the First Amended Complaint,[1] Plaintiff claims the toilet water in his cell was shut off for 55 days as punishment for failing to report each bowel movement to medical staff following his hernia surgery. (Doc. 11). Plaintiff brings claims against the medical staff under the First, Eighth, Eleventh, and Fourteenth Amendments. He seeks money damages and injunctive relief against the defendants.[2] (*Id.*).

The First Amended Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any

---
[1] Plaintiff filed a First Amended Complaint before his original Complaint was screened pursuant to 28 U.S.C. § 1915A. The First Amended Complaint supersedes and replaces all prior versions and renders them void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). It is also subject to Section 1915A review herein.
[2] Plaintiff does not indicate what injunctive relief he is seeking. In addition, he has not been housed at Chester since filing this action and discloses no anticipated return. Under the circumstances, his request for an injunction appears to be moot. *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004).

portion of a First Amended Complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 11, pp. 1-33): During his detention at Chester in 2018, Plaintiff's toilet water was shut off for a period of 55 days (May 20, 2018 – July 13, 2018) as punishment for failing to report his bowel movements to staff. Plaintiff underwent hernia surgery prior to this time, and his diet made bowel movements more difficult. The medical staff (Forcum, Barnett, and Vallabhaneni) charted all bowel movements for medical reasons. Plaintiff was aware of no formal reporting requirement. He found it humiliating to report each bowel movement to them, so he refused to cooperate. In response, the medical staff turned off the water to his toilet, which forced him to report each bowel movement to them. They ignored his related grievances. Plaintiff characterizes their conduct as "cruel and unusual punishment" and brings claims against them under the First, Eighth, Eleventh,[3] and Fourteenth Amendments. (*Id*.).

Based on the allegations in the First Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following Counts:

**Count 1 -** Defendants violated Plaintiff's Fourteenth Amendment rights by turning off the toilet water in his cell for 55 days (May 20, 2018 to July 13, 2018) as punishment for failing to report his bowel movements.

**Count 2 -** Defendants violated Plaintiff's Fourteenth Amendment rights by forcing him to report all bowel movements to them.

---

[3] Plaintiff indicates that he is a pretrial detainee. As explained in more detail herein, the Fourteenth Amendment governs his claims. The Eighth and Eleventh Amendments do not. Any claims under the Eighth and/or Eleventh Amendment are considered dismissed without prejudice from this action.

>    **Count 3 -** Defendants violated Plaintiff's Fourteenth Amendment rights by serving him a nutritionally inadequate diet that prevented him from having regular bowel movements following hernia surgery.
>
>    **Count 4 -** Defendants denied Plaintiff adequate medical care following his hernia surgery in violation of his Fourteenth Amendment rights.
>
>    **Count 5 -** Defendants violated Plaintiff's Fourteenth Amendment rights by ignoring his related grievances.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by this Court. **Any claims that are not identified above are considered dismissed without prejudice as inadequately pled under *Twombly*.**[4]

## Discussion

### Preliminary Dismissals

Chester Mental Health will be dismissed from this action with prejudice. No allegations suggest Chester is a "person" who is subject to suit under 28 U.S.C. § 1983, nor is Chester identified in connection with a policy, custom, or practice that caused Plaintiff's alleged constitutional deprivation. Accordingly, all claims against this defendant are dismissed with prejudice.

### Count 1

As a pretrial detainee, Plaintiff's rights derive from the Fourteenth Amendment Due Process Clause, which prohibits all forms of punishment. *Reed v. Bowen*, -- F. App'x --, 2019 WL 1873026, at *2 (7th Cir. April 26, 2019) (citing *Kingsley v. Hendrickson*, -- U.S. --, 135 S. Ct. 2466, 2475 (2015) (citations omitted)). In the context of a conditions-of-confinement claim, the Fourteenth Amendment prohibits government actions that "are not 'rationally related to a legitimate nonpunitive governmental purpose'" or "actions [that] 'appear excessive in relation to

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

that purpose.'" *Kingsley*, 135 S. Ct. at 2473 (quoting *Bell v. Wolfish*, 441 U.S. 520, 561 (1979)). The alleged actions of Defendants Forcum, Barnett, and Vallabhaneni's in shutting off Plaintiff's toilet water for 55 days appears to be punitive and excessive under the circumstances described. Count 1 will therefore proceed against them.

Plaintiff also characterizes the defendants' decision to shut off his water as retaliatory. To state a First Amendment retaliation claim, Plaintiff must demonstrate that (1) his refusal to disclose information about his bowel movements is protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment speech; and (3) his refusal to share this information was "at least a motivating factor" in the defendants' response. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). The Court is aware of no case law suggesting that Plaintiff's refusal to share information about his bowel movements is protected speech. Therefore, the First Amendment retaliation claim is considered dismissed without prejudice.

## Count 2

The same Fourteenth Amendment standard applies to Plaintiff's claim against Defendants for requiring him to report all bowel movements. Plaintiff alleges Defendants required him to report all bowel movements because of his hernia surgery and related difficulties voiding. Thus, he describes legitimate and rational medical reasons for the reporting requirement. Count 2 will therefore be dismissed without prejudice for failure to state a claim.

## Count 3

The Fourteenth Amendment Due Process Clause also protects pretrial detainees from receiving "unwholesome food." *See Reed*, 2019 WL 1873026, at *3 (citing *French v. Owens*, 777 F.2d 1250, 1252 (7th Cir. 1985) ("totality of conditions of confinement" includes "unwholesome food")). In bringing this claim, Plaintiff relies entirely on conclusory assertions that he received a

4

nutritionally inadequate diet. He does not describe his diet and does not allege facts suggesting Defendants had any authority to modify his diet, knew that he considered it inadequate, or denied his request for additional or different food. Because Plaintiff has failed to include facts sufficient to state a claim to relief that is plausible on its face, Count 3 will be dismissed without prejudice.

### Count 4

Plaintiff alludes to the denial of adequate medical care following hernia surgery, but he does not indicate when he underwent surgery, identify any follow-up treatment that was required, or name the defendants who denied him appropriate care. His allegations are insufficient to support a plausible claim against the defendants, and Count 4 will also be dismissed without prejudice for failure to state a claim for relief.

### Count 5

No independent Fourteenth Amendment due process claim arises from the alleged mishandling of Plaintiff's grievances at Chester. Grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. Therefore, the mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008). Count 5 will be dismissed with prejudice for failure to state a claim.

### Disposition

**IT IS ORDERED** that the First Amended Complaint (Doc. 11) survives screening under 28 U.S.C. § 1915A, as follows: **COUNT 1** will receive further review against Defendants **FORCUM, BARNETT,** and **VALLABHANENI**. **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

**IS IT ORDERED** that **COUNTS 2, 3,** and **4** are **DISMISSED** without prejudice and

**COUNT 5** is **DISMISSED** with prejudice, all for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendant **CHESTER MENTAL HEALTH** is **DISMISSED** with prejudice because the First Amended Complaint fails to state any claim for relief against this defendant.

As to **COUNT 1**, the Clerk of Court shall prepare for Defendants **SHIRLEY FORCUM, BREE BARNETT,** and **NAGESWARARAO VALLABHANENI**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 11), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his *in forma pauperis* motion was granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

**IT IS SO ORDERED.**

**DATED: 6/10/2019**

s/ STACI M. YANDLE
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**