# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRYON K. CHAMP, #B39776, | ) |
|             Plaintiff, | ) |
| vs. | ) Case No. 19-cv-00263-SMY |
| SHIRLEY FORCUM, BREE BARNETT and NAGESWARARAO VALLABHANENI, | ) |
|             Defendants. | ) |

## NOTICE AND ORDER

**YANDLE, District Judge:**

This matter is before the Court upon a *sua sponte* review of the record. The Court screened Plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915A on June 11, 2019 ("Screening Order").[1] Pursuant to the Screening Order, Defendants Forcum, Barnett, and Vallabhaneni were sent requests for Waiver of Service of Summons on June 11, 2019, and Defendants Forcum and Barnett executed and returned the Waivers on August 5, 2019.[2] (Docs. 22). Accordingly, their responsive pleadings were due on August 22, 2019. To date, Defendants Forcum and Barnett have failed to move, answer, or otherwise plead in response to the First Amended Complaint.

---

[1] The Screening Order directed Defendants to "timely file an appropriate responsive pleading to the First Amended Complaint" and states that Defendants "shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g)." (Doc. 17, p. 6). Because the Court specifically ordered Defendants to respond to the First Amended Complaint, Defendants cannot rely on the Prison Litigation Reform Act to avoid the entry of default. 42 U.S.C. § 1997e(g)(2). *See* e.g., *Vinning v. Walks*, 2009 WL 839052, *1 n.2 (S.D. Ill. Mar. 31, 2009) (default against defendant was proper because the Court exercised its authority under 42 U.S.C. § 1997e(g)(2) by directing the defendant to file a reply to plaintiff's complaint, and the defendant "disregarded that direct [o]rder").

[2] Summons was issued as to Defendant Vallabhaneni on August 29, 2019, after two Requests for Waiver of Service of Summons were returned unexecuted. (Docs. 18, 22, and 25).

1

The Federal Rules of Civil Procedure provide that the Clerk of Court must enter default against a defendant who has failed to plead or otherwise defend. FED. R. CIV. P. 55(a). Accordingly, the Court **ORDERS** as follows:

(1) The Clerk of Court is **DIRECTED** to **ENTER DEFAULT** against Defendants Forcum and Barnett in accordance with Federal Rule of Civil Procedure 55(a).

(2) Plaintiff is **ORDERED** to move for default judgment against Defendants Forcum and Barnett on or before **October 2, 2019**, in accordance with Federal Rule of Civil Procedure 55(b).

(3) If Plaintiff fails to move for default judgment as set forth in this Order, this entire action will be dismissed as to Defendants Forcum and Barnett for failure to prosecute and/or failure to comply with an order of the Court.

(4) The Clerk of Court is **DIRECTED** to transmit a copy of this Order and the entry of default to Plaintiff and to each individual Defendant.

**DATED: September 18, 2019**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**