IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRYON K. CHAMP, #B39776, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 19-cv-263-SMY |
| vs. | ) ) |
| CHESTER MENTAL HEALTH, et al, | ) ) |
| Defendants. | ) ) |

## **NOTICE AND ORDER**

This matter comes before the Court for case management purposes. The Court screened Plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915A on June 11, 2019 ("screening order"). (Doc. 17). Pursuant to the screening order, Defendant Nageswararao Vallabhaneni was sent requests for Waiver of Service of Summons (Docs. 18, 20), but they were not returned. Summons was issued to Defendant Vallabhaneni on August 29, 2019. (Doc. 25). Defendant Vallabhaneni was served on November 26, 2019 and his responsive pleading was due December 17, 2019. (Doc. 42). To date, Defendant Vallabhaneni has failed to move, answer, or otherwise plead in response to the First Amended Complaint.[1]

The Federal Rules of Civil Procedure provide that the Clerk of Court must enter default against a defendant who has failed to plead or otherwise defend. FED.R.CIV. P. 55(a).

Accordingly, the Court **ORDERS** as follows:

---

[1] The screening order directed the defendants to "timely file an appropriate responsive pleading" to the First Amended Complaint and states that the defendants "shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g)." (Doc. 17, p. 6). Because the Court specifically ordered the defendants to respond to the First Amended Complaint, Defendant Vallabhaneni cannot rely on the Prison Litigation Reform Act to avoid the entry of default. 42 U.S.C. § 1997e(g)(2). *See* e.g., *Vinning v. Walks*, 2009 WL 839052, *1 n.2 (S.D. Ill. Mar. 31, 2009) (default against defendant was proper because the Court exercised its authority under 42 U.S.C. § 1997e(g)(2) by directing the defendant to file a reply to plaintiff's complaint, and the defendant "disregarded that direct [o]rder").

1) The Clerk of Court is **DIRECTED** to **ENTER DEFAULT** against Defendant Vallabhaneni in accordance with Federal Rule of Civil Procedure 55(a).

2) Plaintiff is **ORDERED** to move for default judgment against Defendant Vallabhaneni on or before **May 8, 2020**, in accordance with Federal Rule of Civil Procedure 55(b).

3) If Plaintiff fails to move for default judgment as set forth in this Order, Defendant Vallabhaneni will be dismissed for Plaintiff's failure to prosecute his claim against him and/or failure to comply with an order of the Court.

4) The Clerk of Court is **DIRECTED** to transmit a copy of this Order and the entry of default to Plaintiff and Defendant Vallabhaneni.

**IT IS SO ORDERED.**

**DATED:  April 6, 2020**

*s/ Staci M. Yandle*_____
**STACI M. YANDLE**
**United States District Judge**